ORIGINAL

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-5117, -5118

FILED
AUG 1 8 2008
U.S. COURT OF FEDERAL CLAIMS

LIGHTNING, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Cross Appellant.

Appeal from the United States Court of Federal Claims in 00-CV-00762, Senior Judge Robert H. Hodges, Jr.

ON MOTION

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

NEWMAN, Circuit Judge.

ORDER

The United States moves without opposition to reverse the judgment of the United States Court of Federal Claims in Lightning, Inc. v. United States, No. 00-cv-762 and remand with instructions to dismiss Lightning, Inc.'s tax refund claims with prejudice.

In United States v. Clintwood Elkhorn Mining Co., 553 U.S. ___, slip op. at 12 (2008), the Supreme Court of the United States held that the language of the Internal Revenue Code (IRC) requires taxpayers seeking a refund of taxes collected in violation of the Export Clause of the Constitution to timely file an administrative refund claim before bringing suit. Failure to timely file a refund claim in compliance with the IRC, according to the Supreme Court, bars taxpayers from filing a complaint in the Court of

#39

Federal Claims even if such complaint had been brought within the Tucker Act's six-year statute of limitation period. Id.

The taxpayer in this case is in the same position as the taxpayers in Clintwood Elkhorn. The taxpayer was assessed taxes on coal exports under 26 U.S.C. § 4121(a)(1). After § 4121(a)(1) was held unconstitutional as applied to coal exports, the taxpayer attempted to recover the amount that was unlawfully taxed plus interest. Although the taxpayer had failed to file timely administrative refund claims in compliance with the IRC, the Court of Federal Claims held that it had jurisdiction over the complaint under the Tucker Act. The court awarded the taxpayer the amounts unlawfully assessed under the Export Clause but determined that the taxpayer was not entitled to interest.

Because the Court of Federal Claims' determination that the taxpayer could bring a complaint under the Tucker Act is incorrect under Clintwood Elkhorn, we agree with the United States that the judgment below must be reversed. We further agree with the United States that remand is required for the court to revise its judgment in accordance with Clintwood Elkhorn.

Accordingly,

IT IS ORDERED THAT:

(1) The stay of proceedings is lifted.

(2) The motion is granted. The judgment of the Court of Federal Claims is reversed. The case is remanded for the court to revise its judgment accordingly.

(3) Each side shall bear its own costs.

FOR THE COURT

JUN 25 2008
Date

Pauline Newman
Circuit Judge

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
JUN 25 2008
JAN HORBALY
CLERK

cc: Thad Stevenson Huffman, Esq.
Steven W. Parks, Esq.

s19

ISSUED AS A MANDATE AUG 18 2008

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: Date: 8/18/08